DUFRESNE, Judge.
Plaintiff, Frederick A. Miller, appeals a judgment of the district court denying him additional workmen’s compensation benefits, penalties and attorney’s fees. We affirm the trial judge’s ruling.
The following facts were stipulated to by counsel at the beginning of the trial. Plaintiff-appellant, a pipefitter, was injured on June 16, 1981, during the course and scope of his employment with E.M. Babst Co., Inc. At that time, plaintiff’s average weekly wage was $753.50 per week and the applicable rate of workmen’s compensation benefits was $163.00 per week (the maximum rate during the period Mr. Miller was disabled). Mr. Miller received workmen’s compensation benefits totaling $4,075.00 at the rate of $163.00 per week from June 16, 1981, through December 7, 1981, a period of twenty-five weeks. Additionally, medical benefits of $1,247.52 were paid on be *228 half of Mr. Miller by Northwest Insurance Co., the insured of E.M. Babst Co., Inc.
Following his accident, Mr. Miller was treated by Dr. John Garoutte, an orthopedic surgeon. Dr. Garoutte treated Mr. Miller for his injury from June 18, 1981, continuously through October 19, 1981, when Mr. Miller was discharged to return to work. After discharging the patient, Dr. Garoutte continued to follow Mr. Miller’s progress through the end of 1981. At that time, he assigned the appellant a 20% permanent-partial disability of the great toe.
Under the 1981 version of LSA R.S. 23:1221(4)(c), Mr. Miller’s 20% permanent-partial disability of his great toe was com-pensable by $2,009.00. Since he had already received far in excess of this amount, no further payment was tendered by the defendants.
When questioned at trial concerning Mr. Miller's ability to continue working as a pipefitter, Dr. Garoutte testified, “In my understanding of the type of work that plumbers and/or pipefitters do, I would feel good that the injuries which Mr. Miller sustained and his subsequent result would not preclude him from continuing to work in that capacity.”
On March 1, 1982, three months after his last visit to Dr. Garoutte, Mr. Miller consulted Dr. Simeon Isaacs, a podiatrist. According to Dr. Isaacs, Mr. Miller complained that, “... he had pain and discomfort on range of motion and he had trouble with ambulation.” Dr. Isaacs saw appellant only two other times: May 11, 1982, and July 12, 1982. During his treatment of Mr. Miller, Dr. Isaacs prescribed orthotics for the plaintiff's shoes, which appellant reported helped to ease his discomfort. Dr. Isaacs stated, in his testimony, that in his opinion Mr. Miller would probably need surgery on his toe at some future date due to degenerative arthritic changes. (Neither of the orthopedic surgeons who testified agreed with this prediction.) Based upon his examination, Dr. Isaacs assigned plaintiff a five per cent disability to the total body. Since Dr. Isaacs failed to relate the injury to Mr. Miller’s toe to his body as a whole, in any manner other than it formed part of the whole body, recovery of benefits for this injury is properly restricted to the scheduled compensation mandated by the legislature for an injury to the great toe. See Nash v. Knoblock, 381 So.2d 404 (La.1980).
The third and final doctor consulted by Mr. Miller, Dr. Stuart Phillips, an orthopedic surgeon, first examined the plaintiff on June 21, 1982. Dr. Phillips diagnosed the patient as having post traumatic sympathetic dystropy — “an unusual condition that occurs after an injury to the nerves ... [which] causes an overflow of the nerves of the sympathetic nervous system.”
When questioned about the plaintiff’s ability to return to his job as a pipefitter, Dr. Phillips stated that “if he [Mr. Miller] had to climb quickly, he’ll have pain, but if he goes up the stairs slowly, you know, he won’t have as much discomfort. What hurts him is hurrying and using his toe a lot.” Dr. Phillips further testified “... I think he could probably climb for [sic] one story ladder or one story set of stairs without any real discomfort.”
Dr. Phillips also found the patient disabled, stating: “... I rated him a five to ten percent loss of the function of involved extremity and an inability to run and to use the toe vigorously. All of the problems he has is in the great toe and that area.”
The trial judge, in his Reasons for Judgment, stated:
Based on the medical testimony of Doctor Garoutte and Doctor Isaacs, the court concludes that the plaintiff, Frederick A. Miller, suffered an injury to his great toe which left him with a twenty (20%) disability to the toe, and that he was paid the proper amount as required by Statute 23:1221 4(c). The court finds that the plaintiff is not entitled to any additional compensation.
Based upon our review of the record, we cannot say that the trial judge’s conclusions were “manifestly erroneous”. See *229 Arceneaux v. Domingue, 365 So.2d 1330, (La.1979).
Additionally, we find that plaintiff did not carry his burden in relating the injury to his toe to any other part of his body to the extent necessary to exceed scheduled benefits (see Nash, supra), nor did Mr. Miller demonstrate that he was unable to return to any gainful employment without suffering substantial pain and thus entitled to compensation benefits for total disability. See Culp v. Belden Corp., 432 So.2d 847, (La.1983) and Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981).
Accordingly, for the reasons assigned, we affirm the judgment of the district court.
AFFIRMED.
BOWES, J. dissents with written reasons.